CHARLES E. MAYNARD
Plaintiff, pro se

Register No. 19535-037
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000



**FILED**

MAY 20 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. MAYNARD, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT INC., <br><br> Defendant. | Case No. **15CV1124 LAB KSC** <br><br> COMPLAINT |

Plaintiff Charles E. Maynard ("Maynard"), pro se, states and alleges the following for his complaint against Defendant Midland Credit Management, Inc. ("MCM"):

1. This is a lawsuit seeking redress for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq, ("FDCPA").

2. The Court has jurisdiction over the parties to this action and the subject matter thereof pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3. Venue is proper because MCM conducts business and maintains its principal place of business within this district.

4. Maynard is a natural person and citizen of Otisville, New York.

5. MCM is a corporation established under Kansas law that maintains its principal place of business at 8875 Aero Drive,

Suite 200, San Diego, California 92123.

6.  Maynard is a "consumer" as that term is defined in the FDCPA.

7.  MCM is engaged in the business of collecting debts from consumers and is a "debt collector" as that term is defined in the FDCPA.

8.  On or about March 20, 2015, Maynard obtained a copy of his credit report from Trans Union, a national credit reporting agency.

9.  Maynard's Trans Union credit report indicates MCM made an inquiry for account review purposes on October 1, 2014.

10. After learning that MCM had inquired into his credit file, Maynard sent a letter to it requesting details about any existing account under his name.

11. On April 27, 2015, MCM sent a letter to Maynard seeking to collect a debt he originally incurred with Bank of America ("the letter").

12. Among other things, the letter states (1) that Bank of America charged off the account on March 29, 2008; (2) that the balance at time of charge off was $930.10, but that interest in the amount of $1,031.95 has since accumulated, making the current balance $1,962.04; and (3) that if Maynard does not pay the debt, MCM may report it to credit reporting agencies as unpaid.

13. MCM violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) by misrepresenting the character, amount, and legal status of the debt and by attempting to collect an amount not authorized by the agreement creating the debt or otherwise permitted by law, in

that MCM added and attempted to collect interest, without contractual or statutory authority, in addition to the principal balance Maynard owed to Bank of America when it charged-off the debt.

14. MCM violated 15 U.S.C. § 1692e(5) by threatening to report Maynard's non-payment of the debt to credit reporting agencies, where such action cannot legally be taken because the debt is time-barred for credit reporting purposes under 15 U.S.C. § 1681c(a)(4).

15. As a direct and proximate result of MCM's unlawful conduct, Maynard suffered damages and is entitled to relief.

WHEREFORE, Maynard respectfully moves for judgment in his favor including the following:

a. Actual damages in an amount to determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Recovery of any costs and attorney's fees incurred pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any further relief deemed just and proper by the Court.

Dated this __7th__ day of May, 2015.

*[signature: Charles E Maynard]*
CHARLES E. MAYNARD
Plaintiff, pro se