1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| CHARLES E. MAYNARD, | CASE NO. 15cv1124-LAB (KSC) |
|---|---|

12    Plaintiff,    **ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

13    vs.

14    MIDLAND CREDIT MANAGEMENT, INC.,

15    Defendant.

16

17    Plaintiff Charles Maynard, currently incarcerated at Federal Correctional Institution,

18    Otisville in Otisville, New York, has filed an action under the Fair Debt Collection Act (FDCA)

19    against Midland Credit Management, Inc.  (Docket no. 1.)

20    Maynard alleges that he contacted Midland after noticing that Midland had made an

21    inquiry on his credit file.  (Docket no 1, ¶ 10.)  In response, Midland sent Maynard a letter

22    seeking to collect a debt on behalf of Bank of America.  (*Id.*, ¶ 11.)  Maynard alleges that this

23    violated 15 U.S.C. §§ 1692e(2)(A), 1692f(1), and 1692e(5) because the letter misrepresented

24    the debt, attempted to collect an amount not authorized by the agreement creating the debt,

25    and threatened to report Maynard's non-payment of time-barred debt.  (*Id.*, ¶¶ 12–14.)

26    / / /

27    / / /

28    Maynard didn't pay the civil filing fees required by 28 U.S.C. § 1914(a) to commence

a civil action; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Docket no. 2.)

## I.      Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner, as Maynard is here, he may be granted leave to proceed IFP, but he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).   The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Maynard has submitted a prison certificate attesting as to his trust account balance and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.  *Andrews*, 398 F.3d at 1119. This certificate shows that Maynard has had a average of $201.00 in monthly

1  deposits, has carried an average balance of $33.23, and had $1.03 in available funds to his
2  credit at the time of filing.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a
3  prisoner be prohibited from bringing a civil action or appealing a civil action or criminal
4  judgment for the reason that the prisoner has no assets and no means by which to pay the
5  initial partial filing fee.");  *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as
6  a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to
7  pay . . . due to the lack of funds available to him when payment is ordered.").

8      Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Docket no. 2), and
9  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350
10 balance of the filing fees due for this case must be and forwarded to the Clerk of the Court
11 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

12 **II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

13     **A.     Standard**

14     The PLRA also obligates the Court to review complaints filed by all persons
15 proceeding IFP, and by those, like Maynard, who are "incarcerated or detained in any facility
16 [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or
17 the terms or conditions of parole, probation, pretrial release, or diversionary program," "as
18 soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Pursuant
19 to these statutes, the Court must sua sponte dismiss complaints, or any portions thereof,
20 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants
21 who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d
22 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002,
23 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

24     All complaints must contain "a short and plain statement of the claim showing that the
25 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
26 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
27 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
28 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint

15cv1124

states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.    Discussion**

As currently pleaded, Maynard's complaint fails to state a claim because he has failed to allege any *facts* which "might plausibly suggest" that Midland has violated the FDCA.  The complaint doesn't state when the debt was incurred; the terms of the agreement under which the debt was created; how Midland misrepresented the "character, amount, and legal status" of the debt; the true character, amount, and legal status of Maynard's debt; or facts regarding the alleged charge-off of the debt.  It merely states, in conclusory fashion, that Midland has violated the law.  This is insufficient, and mandates dismissal of Maynard's complaint.

/ / /

**C.    Leave to Amend**

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should give leave [to amend] freely

1  when justice so requires."  Thus, Maynard is given leave to amend his complaint to allege

2  *facts* as opposed to mere legal conclusions.

3  **III.**     **Conclusion and Order**

4          For the reasons set forth above, the Court:

5          (1)     **GRANTS** Maynard's Motion to Proceed IFP (Docket no. 2);

6          (2)     **DIRECTS** the Warden of Federal Correctional Institution, Otisville, or his

7  designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case

8  by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding

9  month's income and forwarding them to the Clerk of the Court each time the amount in his

10 account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  **ALL PAYMENTS MUST**

11 **BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION**;

12         (3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden of

13 Federal Correctional Institution, Otisville, P.O. Box 600, Otisville, NY 10963; and

14         (4)     **DISMISSES** this civil action with leave to amend for failing to state a claim

15 upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

16 If Maynard thinks he can successfully amend his complaint, he must file the amended

17 complaint no later than August 3, 2015.

18

19         **IT IS SO ORDERED**.

20 DATED:  June 5, 2015

21

22 **HONORABLE LARRY ALAN BURNS**
United States District Judge

23

24

25

26

27

28

- 5 -

15cv1124